FILED STAMP: SEPTEMBER 30, 2008
08CV5575
JUDGE KOCORAS
MAG. JUDGE SCHENKIER
J. N.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) | COMPLAINT |
| ARLINGTON PLATING COMPANY, | ) ) | |
| Defendant. | ) ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Charging Parties Beatrice Allard ("Allard") and Rosidalma Lazo ("Lazo") who were adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), alleges that Defendant Arlington Plating Company ("Defendant" or "APC"), discriminated against Allard by subjecting her to harassment because of her sex and constructively discharging her and discriminated against Lazo by terminating her in retaliation for engaging in protected activity.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the Northern District of Illinois.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Arlington Plating Company has continuously been and is now a corporation doing business in the Northern District of Illinois, and has continuously had and does now have at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Allard filed a charge of discrimination with the Commission alleging violations of Title VII of the Civil Rights Act of 1964 by Defendant. More than thirty (30) days prior to the institution of this lawsuit, Lazo filed a charge of discrimination with the Commission alleging violations of Title VII of the Civil Rights Act of 1964 by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2006, APC has engaged in unlawful employment practices at its facility in Palatine, Illinois, in violation of Section 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a). Such practices include, but are not limited to:

      (a)    subjecting Allard to harassment because of her sex and constructively discharging her; and

      (b)    retaliating against Lazo by terminating her for engaging in protected activity (i.e., complaining about sexual harassment of Allard).

8.    The effect of the practices complained of in Paragraph 7 above has been to deprive Allard and Lazo of equal opportunities and otherwise adversely affect their status as employees.

9.    The unlawful employment practices complained of in Paragraph 7 above were intentional.

10.    The unlawful employment practices complained of in Paragraph 7 above were done with malice and/or reckless indifference to the federally protected rights of Allard and Lazo.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully prays that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex and/or which retaliates against employees who engage in statutorily protected activities;

B.    Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

C.    Order Defendant to make Allard and Lazo whole by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Defendant to make Allard and Lazo whole by providing compensation for past and future pecuniary losses;

E. Order Defendant to make Allard and Lazo whole by providing compensation for past and future non-pecuniary losses, including but not limited to, emotional pain, suffering, loss of enjoyment of life and humiliation;

F. Order Defendant to pay Allard and Lazo punitive damages for its intentional, malicious and/or reckless conduct, in an amount to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper; and

H. Grant the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all issues of fact raised by its Complaint.

Respectfully submitted,

RONALD COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507


/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney

5

/s/ Diane I. Smason
Diane I. Smason
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
312-353-7526